UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IKRAM AFINWALA, | ) |
| | ) CASE NO. C16-1707 RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR ATTORNEY'S FEES AND |
| LA TRELLES EXPRESS, INC., | ) COSTS |
| | ) |
| Defendant. | ) |

## I.  INTRODUCTION

On January 6, 2017, this Court issued an Order granting Plaintiff Ikram Afinwala's Motion for Remand. Dkt. #11. As part of that Order, the Court found Mr. Afinwala is entitled to an award for the fees and costs he incurred in bringing his Motion for Remand. *Id*. at 5. At the Court's direction, Mr. Afinwala filed a Motion for Attorney's Fees and Costs. Dkt. #12. Mr. Afinwala seeks attorney fees and costs in the amount of $10,556.47. *Id*. at 1. Defendant filed no response to Mr. Afinwala's motion.[1] For the reasons set forth herein, the Court GRANTS Mr. Afinwala's motion.

## II.  BACKGROUND

---

[1] Pursuant to Local Civil Rule 7 (b)(2) "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS- 1

The Court has previously set forth the relevant background to this action and incorporates it by reference herein. *See* Dkt. #11 at 1-2.

## III. DISCUSSION

Under 28 U.S.C. § 1447(c), an order remanding a case may require the payment of just costs and any actual expenses, including attorney fees, incurred by a party because of removal. Courts determine fee award amounts by first calculating a "lodestar figure," which is obtained by multiplying the number of hours reasonably expended on a matter by the reasonable hourly rate. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Courts may then adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant *Kerr* factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622. Given this standard, the Court finds the attorney fee amount requested by Mr. Afinwala to be reasonable.

### A. Reasonableness of the Rates Requested

In the Ninth Circuit, determining a reasonable hourly rate "is not made by reference to rates actually charged the prevailing party." *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986). Instead, the reasonable hourly rate is determined by referring to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Courts may also consider "rate

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS- 2

determinations in other cases, particularly those setting a rate for the plaintiffs' attorney" as "satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Mr. Afinwala's counsel requests a range of hourly rates. *See* Dkt. #13 at 7. Five attorneys, Adam Berger, Jennifer Robbins, Lindsay Halm, Jamal Whitehead, and Laura Ewan, worked on Mr. Afinwala's Motion for Remand and Motion for Attorney Fees. *Id*. at 1-4. The following hourly rates are requested for each attorney: (1) a rate of $485 for Mr. Berger; (2) a rate of $365 for Jennifer Robbins; (3) a rate of $350 for Ms. Halm; (4) a rate of $325 for Mr. Whitehead; and (5) a rate of $305 for Ms. Ewan. *Id*. at 7. In addition to these attorneys, two paralegals, Jennifer Woodard and Sheila Cronan, are also included as timekeepers in Mr. Afinwala's request for attorney fees. *Id*. at 4. Hourly rates of $150 and $140, respectively, are requested for Ms. Woodward and Ms. Cronan. *Id*. at 7. To support the rates requested, Mr. Afinwala includes orders, issued in this district and in King County Superior Court in 2015, where hourly rates ranging from $455 to $425 were awarded for Mr. Berger's work, an hourly rate of $305 was awarded for Ms. Robbins's work, a rate of $230 was awarded for Ms. Ewan's work, rates ranging between $140 and $130 were awarded for Ms. Cronan's work, and a rate of $140 was awarded for Ms. Woodward's work. *See* Dkt. #13 Exs. 1-3.

Mr. Afinwala contends the hourly rates he requests are reasonable "based on the experience, skill, and education of the respective timekeepers, and because they are consistent with other rates approved by this court and the King County Superior Court." Dkt. #12 at 3-4. Having considered counsel's declaration, along with the attorney fees orders issued by this district and King County Superior Court, the Court agrees. The hourly rate requested for each timekeeper is reasonable.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS- 3

### B. Reasonableness of the Number of Hours Requested

Turning to the reasonableness of the hours requested, the Court notes the party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court also excludes hours not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id*. at 434. Further, the Ninth Circuit has held that it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The following amount of time was spent by each attorney who worked on Mr. Afinwala's Motion to Remand: (1) Mr. Berger devoted 1.7 hours in seeking remand; (2) Ms. Robbins devoted 2.2 hours in seeking remand; (3) Ms. Halm devoted .4 hours in seeking remand; (4) Ms. Ewan devoted 1.6 hours in seeking remand; and (5) Mr. Whitehead devoted 45.7 hours in seeking remand and in drafting Mr. Afinwala's Motion for Attorney Fees. Dkt. #13 at 5-7. Ms. Woodward devoted .4 hours in seeking remand, and Ms. Cronan devoted 3.5 hours in seeking remand. *Id*. at 6. In total, Mr. Afinwala's counsel expended 55.5 hours, for a total lodestar amount of $17,658, to secure remand. *Id*. at 7. However, instead of requesting attorney fees for the lodestar amount of $17,658, Mr. Afinwala's counsel only requests $10,000. *Id*. Mr. Afinwala explains this request was limited "in part to exclude all time from the fee petition that the Court may deem excessive, redundant, or otherwise unnecessary, or that is solely clerical in nature." *Id*.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS- 4

The Court agrees that $10,000 reflects a reasonable attorney fee amount for Mr. Afinwala's counsel's work. Mr. Afinwala's request for costs in the amount of $566.47, which includes the costs of photocopies, records retrieval, and computer research, is also reasonable. Mr. Afinwala's Motion for Attorney Fees and Costs is accordingly GRANTED.

## C. Lodestar Adjustment

The Court finds that a lodestar fee award of $10,000 reflects the reasonable time spent in seeking remand and does not find it necessary to make any lodestar adjustments.

## IV. CONCLUSION

Having considered Mr. Afinwala's Motion for Attorney Fees (Dkt. #12), the Declaration (Dkt. #13) and Exhibits in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS that Mr. Afinwala's motion (Dkt. #12) is GRANTED. Mr. Afinwala is awarded **fees in the amount of $10,556.47.**

DATED this 19th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE